UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSALEEN BERNADETTE DOHERTY,

                Plaintiff,

- against -

JOHN THOMPSON, ET AL.,

                Defendants.

06 Civ. 2444 (RJH)

**MEMORANDUM OPINION & ORDER**

---

Richard J. Holwell, District Judge:

       Plaintiff, Rosaleen Bernadette Doherty, brings this motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (2006) ("EAJA") following the resolution of the subject action seeking, *inter alia*, to compel the United States Citizenship and Immigration Services ("CIS") to adjudicate her application for naturalization or, in the alternative, to enter an order naturalizing her pursuant to 8 U.S.C. § 1447(b). For the reasons stated below, plaintiff's application is denied.

## BACKGROUND

       As detailed in the complaint, plaintiff applied for naturalization in February 2004. In her application, plaintiff stated that she was a member of the Irish Northern Aid Committee, the United States agent of the Irish Republican Army. Plaintiff was subsequently examined by CIS in June 2004 but was thereafter informed that CIS was unable to make a decision on her application because the FBI had not completed its background investigation. The record is silent as to whether this delay was in any way related to plaintiff's membership in the Irish Northern Aid Committee or simply reflected

the glacial speed of an overburdened and understaffed bureaucracy.  In any event, that is where matters still stood at the time plaintiff filed her complaint on March 29, 2006.

An initial conference was held on June 25, 2006, at which time the Government's counsel personally undertook to dislodge plaintiff's application and encourage his clients to act on the application.  Counsel's efforts did not meet with immediate success, and a second conference was held on October 24, 2006, at which time a discovery schedule was set.  A further pretrial conference was held on February 9, 2007, pursuant to which the parties were to submit dispositive motions by March 9, 2007.  Plaintiff timely filed her motion for summary judgment and judgment on the pleadings.  The Government did not respond, but counsel advised plaintiff and the Court that he would continue to press CIS to adjudicate plaintiff's naturalization application.  Understandably frustrated with progress on the administrative front, plaintiff requested, pursuant to § 1447(b), that the Court conduct a hearing on her naturalization application.  The Court scheduled a hearing for March 3, 2008, which was later adjourned to March 25, 2008.  Before the hearing was held, CIS approved plaintiff's naturalization application and scheduled a ceremony for her to be sworn in as a United States citizen.

Upon being advised by Government counsel of this administrative resolution, the Court entered a "Thirty Day Order" on March 20, 2008, discontinuing the case "without costs (including attorney's fees)" and without prejudice to restoration of the action to the calendar within thirty days "if in fact there has no been a settlement in this matter."[1]

---

[1] On March 31, 2008, the Court inadvertently entered a duplicate order containing substantially similar terms. This Order is hereby withdrawn.

On April 28, 2008, plaintiff submitted a letter to the Court requesting that the action be reinstated for the limited purpose of permitting plaintiff to apply for attorney's fees as a prevailing party under the EAJA.

## DISCUSSION

As an initial matter the Court addresses the Government's contention that plaintiff's application for fees should be denied as it is precluded by the terms of the March 20, 2008 Order dismissing the case "without costs (including attorney's fees)." The Government would have a point but for the fact that the Court's Thirty Day Order did not accurately reflect the state of play at the time it was entered. Contrary to the terms of the Order, the parties had not in fact reached a settlement. Rather, the matter was set for an imminent trial when the independent act of the Government— administratively providing the ultimate relief plaintiff sought—rendered the action moot. Accordingly, the Court should have dismissed the action pursuant to Federal Rule of Civil Procedure 12(h)(3), and it now amends its March 20, 2008 Order to properly reflect the actual basis for dismissal.

While the amended order does not bar plaintiff from seeking an award of counsel fees, she must, of course, satisfy the requirements of the EAJA. The relevant provision of that statute authorizes an award of attorney's fees to a "prevailing party . . . in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

> As this Court has previously observed:
>
> It is well established that a plaintiff "prevails" when a court adjudicates his claims favorably, such as where the plaintiff attains a judgment on the merits, or a court ordered consent decree. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.,* 532 U.S. 598, 600-602 (2001); *Preservation Coalition of Erie County v. Federal Transit Admin.,* 356 F.3d 444, 452 (2d Cir. 2004) (stating that there needs to be a "'court ordered chang[e][in] the legal relationship between [the plaintiff] and the defendant' or a 'material alteration of the legal relationship of the parties.'" (alterations in the original) (quoting *Buckhannon,* 532 U.S. at 604)). By contrast, the Supreme Court has held that a plaintiff does *not* qualify as a "prevailing party" simply because a defendant voluntarily alters his behavior, *even if* in doing so the plaintiff is substantially provided with the relief sought in the complaint. *Buckhannon,* 532 U.S. at 600. That is to say, where a plaintiff claims to have prevailed simply because his lawsuit *preceded* some voluntary act on the part of the defendant that approximated his requested relief, he will not be entitled to attorneys' fees under 28 U.S.C. § 2412(d).

*Choudhury v. Barnhart*, No. 04Civ.0142 (RJH/AJP), 2005 WL 2592048, at *1 (S.D.N.Y. Oct. 11, 2005) (footnote omitted). This construction of the statute has been criticized as "anemic." *Buckhannon*, 532 U.S. at 623 (Ginsburg, J, dissenting). But the solution, if one is necessary, lies in Congress.

Plaintiff proffers two arguments why she should still be considered the prevailing party under the EAJA. First, plaintiff contends that the case should be approached as an involuntary dismissal in her favor under Rule 41(b). This procedural posture, plaintiff contends, distinguishes the case from post-*Buckhannon* cases where it has been found that a voluntary Rule 41(a) dismissal did not establish a plaintiff as a prevailing party because no judicial action was required to effect the voluntary dismissal. Unfortunately, there is no basis for viewing the Court's March 20 Order as an involuntary dismissal. Rather, plaintiff's claim was mooted by administrative action, depriving the Court of subject matter jurisdiction. There is an exception to the mootness doctrine if the

defendant is free to resume its improper behavior at any time.  *See United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953).  But plaintiff has not argued the exception is applicable here.  Accordingly, dismissal under Rule 12(h)(3) was required.

In any event, *Buckhannon* requires that a prevailing party establish a change in a legal relationship between the parties *as a result of* a "judicially sanctioned change in the legal relationship of the parties."  532 U.S. at 605.  While the Court's order dismissing the case as moot reflects a change in the legal relationship between the parties, the order cannot in any sense be considered a direct or indirect cause of the change that resulted from the Government's voluntary action in granting plaintiff citizenship.  Just the reverse is true.  Thus, this case is conceptually indistinguishable from the facts in *Buckhannon* where new legislation removed the offending provision challenged by petitioners and, on respondents' motion, the District Court dismissed the case as moot.  *See id.* at 601.

Plaintiff generally seeks to distinguish *Buckhannon* by arguing that the Court's earlier order setting the case for trial resulted in a change in the legal relationship between the parties sufficient to confer prevailing party status.  (Pl.'s Mem. 7.)  But this argument is too attenuated, as virtually any discovery or scheduling order could arguably assert pressure on the Government to act.  *See Almudallal v. USCIS*, No. 3:07 CV 2040, 2008 WL 1995360, at *2 (N.D. Ohio May 5, 2008) (rejecting argument that plaintiff's action pressured CIS into naturalizing him and denying EAJA fees because his "eventual naturalization is not enough to make him a prevailing party").  Such reasoning is indistinguishable from the "catalyst" theory that was explicitly rejected in *Buckhannon*.

## CONCLUSION

Plaintiff's motion for attorney's fees and costs [28] is denied.

SO ORDERED.

Dated: New York, New York
March 26, 2009

Richard J. Holwell
United States District Judge